UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LAURA REGEL ALDRIDGE,**

      **Plaintiff,**

v.                                                 Case No:  6:11-cv-1914-Orl-36GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

## ORDER

This cause comes before the Court on Plaintiff Laura Regel Aldridge's ("Plaintiff") Complaint for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for benefits. Doc. 1. Magistrate Judge Gregory J. Kelly has submitted a Report and Recommendation, recommending that the Court reverse the Commissioner's decision and remand the case pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 20.

After an independent *de novo* review of the record, including the Commissioner's Objections (Doc. 21) and Plaintiff's Response to the Commissioner's Objections ("Response") (Doc. 22), the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted in part and rejected in part.

**I.**     **BACKGROUND**

On February 3, 2010, Plaintiff filed her applications for disability insurance benefits and supplemental security income ("Applications") with the Social Security Administration. R. 12, 162–68. Plaintiff's Applications were denied initially and upon reconsideration. R. 12, 90–97.

On March 23, 2011, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), at which Plaintiff and a vocational expert ("VE") testified. R. 12, 33–89. On May 19, 2011, the ALJ issued a written decision finding that Plaintiff suffered from severe impairments, including migraine headaches, diabetes mellitus, sleep disorder, temporomandibular joint disorder, depression, and anxiety. R. 14, 27. The ALJ also found that these impairments resulted in moderate limitations in Plaintiff's ability to maintain concentration, persistence, and pace. R. 15. However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 15–16. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with limitation to simple, routine, repetitive tasks, but could not perform any past relevant work. R. 16–25. Based upon the VE's testimony, the ALJ found that Plaintiff could work as an office helper, marker, or mail clerk, and that a significant number of those jobs existed in the national economy. R. 25–26. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. R. 26–27.

On October 13, 2011, the Social Security Appeals Council denied Plaintiff's timely request for review. R. 1–6. On November 30, 2011, Plaintiff filed a Complaint, seeking judicial review of the Commissioner's decision. Doc. 1.

Upon review of the expert testimony and administrative record, Magistrate Judge Kelly made the following findings: (1) the ALJ's hypothetical question to the VE included a limitation to simple and routine tasks, but should have also included a limitation to repetitive tasks; (2) the ALJ properly accounted for Plaintiff's moderate limitation in completing a normal workday and workweek without interruptions from psychologically based symptoms and in performing at a consistent pace without an unreasonable number and length of rest periods; (3) the ALJ did not

err by failing to make specific findings regarding side effects caused by Plaintiff's medications; and (4) the Appeals Council did not err in upholding the ALJ's decision despite additional evidence submitted by Plaintiff on appeal. Doc. 20, pp. 9–14.  Given his finding that the ALJ's hypothetical question to the VE should have included a limitation to repetitive tasks, Magistrate Judge Kelly recommends reversing the Commissioner's decision and remanding to the ALJ to make further findings pursuant to sentence four of 42 U.S.C. § 405(g).[1]

On February 7, 2013, the Commissioner filed Objections, asserting that the ALJ's failure to include a limitation to repetitive tasks in his hypothetical question was harmless error because two of the jobs that the VE identified are already limited to repetitive tasks. Doc. 21, pp. 1–3.  In her Response, Plaintiff argues that the ALJ's error was not harmless because, if the case is remanded for a new hearing, the VE may find that Plaintiff cannot perform those jobs given the additional limitation to repetitive tasks.  Doc. 22, pp. 1–2.  Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ properly accounted for Plaintiff's moderate limitation in completing a normal workday and workweek.  *Id.* at 2–4.

## II.     LEGAL STANDARDS

### A.     Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge.  When a party makes a timely and specific objection to a finding in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

---

[1] 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

3

U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d.507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

### B.     Review of the Commissioner's Decision

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id*. Where the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it."). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]." *Phillips*, 357 F.3d at 1240 n.8 (quotations omitted).

### C.     An ALJ's Five Step Disability Analysis

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Eleventh Circuit has explained this process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must

> prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136–37 (11th Cir. 2009). If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

### III. DISCUSSION

#### A. The ALJ's Failure to Include a Limitation to Repetitive Tasks in His Hypothetical Question Does Not Warrant Reversal

After considering the medical evidence in the record, the ALJ found that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. §§ 404.1567 and 416.967, with limitation to simple, routine, repetitive tasks. R. 16–25. At step four, the ALJ found that Plaintiff could not perform her past relevant work. R. 25. At step five, the ALJ determined that Plaintiff could work as an office helper, marker, or mail clerk, and that a significant number of those jobs existed in the national economy. R. 25–26. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. R. 26–27. The ALJ's findings at steps four and five were based on the VE's response to the ALJ's hypothetical question, in which the ALJ included a limitation to light work and simple, routine tasks. R. 83–84.

Plaintiff argued before the Magistrate Judge that the ALJ's failure to include Plaintiff's limitation in maintaining concentration, persistence, and pace in his hypothetical question was

reversible error. Doc. 17, p. 13–14. The Magistrate Judge agreed that the ALJ's hypothetical question was insufficient, but on different grounds, finding that the ALJ's failure to include a limitation to *repetitive* tasks was reversible error. Doc. 20, pp. 9–10. In its Objections, the Commissioner argues that this error was harmless because the jobs that the VE identified are already limited to repetitive tasks. Doc. 21, pp. 1–3. In her Response, Plaintiff argues that the ALJ's error was not harmless because, if the case is remanded for a new hearing, the VE may find that Plaintiff cannot perform those jobs given the additional limitation to repetitive tasks. Doc. 22, pp. 1–2.

At step five, the Commissioner must determine whether a significant number of jobs exist in the national economy that the claimant can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). One way for an ALJ to make this determination is by obtaining the testimony of a VE. *Id*. "'In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'" *Id*. (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). Therefore, the ALJ's hypothetical question must include all the limitations that the ALJ finds in his RFC determination. *See Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985).

The leading case in the Eleventh Circuit addressing the requirement that an ALJ include a claimant's limitation in concentration, persistence, and pace in his hypothetical question is *Winschel*. In that case, the ALJ determined at step two that the claimant's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace, but the ALJ's hypothetical question to the VE did not expressly include this limitation. 631 F.3d at 1181. The ALJ did not indicate that medical evidence suggested the claimant's ability to work was unaffected by this limitation, nor did the ALJ implicitly account for the limitation in the

6

hypothetical. *Id*. The court therefore concluded that the ALJ should have explicitly included the limitation in his hypothetical question and, because he did not, the ALJ's decision was not supported by substantial evidence. *Id*.

In *Jarrett v. Commissioner of Social Security*, 422 F. App'x 869 (11th Cir. 2011), the Eleventh Circuit adopted dicta from *Winschel*, holding that "an ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies." *Id.* at 872 (citing *Winschel*, 631 F.3d at 1181). Applying this standard to the facts, the *Jarrett* court concluded that the ALJ's hypothetical question including a restriction to simple instructions and simple tasks sufficiently accounted for the claimant's limitations in concentration, persistence, and pace because the medical evidence in the record demonstrated that the claimant retained the ability to follow simple instructions and complete simple tasks despite these limitations. *Id*. Since *Jarrett*, the Eleventh Circuit has repeatedly held that an ALJ's hypothetical question may implicitly account for limitations in concentration, persistence, and pace by restricting the claimant to certain types of work where the medical evidence indicates that the claimant can perform this work despite the limitations. *See Scott v. Comm'r of Soc. Sec.*, No. 11-15252, 2012 WL 5358868, at *2 (11th Cir. Oct. 31, 2012); *Land v. Comm'r of Soc. Sec.*, No. 12-11834, 2012 WL 5313342, at *3–4 (11th Cir. Oct. 26, 2012); *Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 195 (11th Cir. 2012); *Syed v. Comm'r of Soc. Sec.*, 441 F. App'x 632, 635 (11th Cir. 2011).

Here, the medical evidence in the record clearly indicates that Plaintiff is capable of performing simple, routine, repetitive tasks despite her limitation in maintaining concentration, persistence, and pace. Indeed, the ALJ made findings to this effect in his RFC assessment. The

7

ALJ noted that the physical and neurological examinations conducted by Dr. Miller, Dr. Fulop, Florida Hospital Oceanside, Florida Hospital Memorial, Halifax Health, and the Volusia OB/GYN repeatedly showed that Plaintiff's condition was fairly benign, unremarkable, or normal. R. 19–23.

The ALJ also gave "rather great" weight to the opinions of two State mental health specialists, Dr. Holmes and Dr. Wise. R. 24. Dr. Holmes, on two separate occasions, reviewed the medical evidence and stated that Plaintiff's depressive disorder did not cause more than mild functional limitations and that her mental impairments did not appear to interfere with her ability to function in a work setting that requires simple to moderate tasks. R. 21, 22, 661, 698. Dr. Wise reviewed the medical evidence and stated that Plaintiff's depressive disorder did not cause more than mild functional limitations, that she had good functional capacity, and that she was able to carry simple, routine tasks. R. 23, 752. The ALJ stated that he gave the opinions of Dr. Holmes and Dr. Wise significant weight and explained the reasons for this conclusion. R. 24. In fact, the ALJ even gave Plaintiff the benefit of the doubt with respect to her ability to concentrate, finding that she was moderately limited, whereas the State mental health specialists opined that she was only mildly limited. R. 24. Based on these findings, the ALJ concluded that Plaintiff could perform simple, routine, repetitive tasks despite her moderate limitation in maintaining concentration, persistence, and pace. R. 16, 24–25. The Court finds that the ALJ's conclusion is supported by substantial evidence in the medical record. Accordingly, the ALJ was entitled to ask a hypothetical question which implicitly accounted for Plaintiff's limitation in maintaining concentration, persistence, and pace by restricting her to certain types of work. *See*

*Scott*, 2012 WL 5358868, at *2; *Land*, 2012 WL 5313342, at *3–4; *Rosario*, 490 F. App'x at 195; *Syed*, 441 F. App'x at 635; *Jarrett*, 422 F. App'x at 872.[2]

Moreover, the Court finds that the ALJ's failure to include a limitation to repetitive tasks in his hypothetical question was harmless error. In his response to the ALJ's hypothetical question, the VE testified that Plaintiff could work as an office helper, marker, or mail clerk, and identified these positions by their corresponding entries in the U.S. Department of Labor's Dictionary of Occupational Titles ("DOT"). R. 84. The DOT indicates that jobs as both a marker and a mail clerk involve "repetitive or short-cycle work." DOT, § 209.587-034, 1991 WL 671802; § 209.687-026, 1991 WL 671813. Accordingly, remanding to the ALJ with instructions to include a limitation to repetitive tasks in his hypothetical question is unnecessary, because the VE would still recommend that Plaintiff could work as a marker or mail clerk, and a significant number of those jobs exist in the national economy. *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (where "remand would be an idle and useless formality," courts should not "convert judicial review of agency action into a ping-pong game"); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (ALJ's hypothetical question omitting certain limitations was harmless error where the claimant would still be able to perform one of the three jobs suggested by the VE despite those additional limitations).

---

[2] Plaintiff filed a Notice of Supplemental Authority (Doc. 23), citing a case recently decided in the Middle District, *Hommell v. Commissioner of Social Security*, No. 6:12-cv-102, Doc. 20. In *Hommell*, Judge Presnell held that the ALJ's failure to include the claimant's moderate limitation in maintaining concentration, persistence, and pace in his hypothetical question to the VE was reversible error where the ALJ did not make an explicit finding that Plaintiff's limitation did not affect her ability to work. *Id.* at p. 11. Here, by contrast, the Court has determined that the ALJ made findings based on the medical evidence in the record that Plaintiff was able to perform simple, routine, repetitive tasks despite her limitation in maintaining concentration, persistence, and pace.

Plaintiff argues that the Court cannot find the ALJ's omission to be harmless error, because the VE's testimony may change if he knows that Plaintiff is limited to repetitive tasks, in addition to simple and routine tasks. Doc. 22, p. 1–2. The Court disagrees. In his testimony, the VE already specified that the jobs of marker and mail clerk would be appropriate for an individual with limitation to simple, routine tasks. R. 83–84. The entries for those jobs in the DOT state that those jobs involve repetitive tasks. DOT, § 209.587-034, 1991 WL 671802; § 209.687-026, 1991 WL 671813. There is no doubt that the ALJ would again find that Plaintiff could perform those jobs given her limitation to simple, routine, repetitive tasks. Accordingly, the ALJ's failure to include a limitation to repetitive tasks was harmless error. *See Caldwell*, 261 F. App'x at 190 (Eleventh Circuit looked to the DOT and determined that claimant could still perform job identified by the VE despite limitations omitted in hypothetical question; accordingly, ALJ's error was harmless).

**B.     The ALJ Properly Accounted for Plaintiff's Moderate Limitation in Completing a Normal Workday and Workweek**

Plaintiff's sole objection to the Report and Recommendation is that the Magistrate Judge erred in concluding that the ALJ properly accounted for Plaintiff's moderate limitation in completing a normal workday and workweek. Doc. 22, pp. 2–4. In their RFC assessment forms, both of the State mental health specialists checked a box in Section I indicating that Plaintiff was moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 697, 751. However, the ALJ did not make a specific finding on this issue, nor did he include this limitation in his hypothetical question to the VE. *See* R. 14–27, 83–85. Plaintiff asserts that this was reversible error. Doc. 17, pp. 10–12; Doc. 22, pp. 2–4.

10

As the Magistrate Judge correctly noted, the Eleventh Circuit considered and rejected a similar argument in *Jones v. Commissioner of Social Security*, 478 F. App'x 610 (11th Cir. 2012). In *Jones*, the claimant argued that the ALJ erred in concluding that the claimant had the RFC to perform simple and repetitive tasks on a sustained basis, because two doctors who evaluated him had checked the box in their RFC assessment forms indicating that the claimant had moderate limitations in completing a normal workday and workweek. *Id.* at 612. The court disagreed:

> This argument is also unavailing because it does not consider "*all* of the relevant medical and other evidence" that was before the ALJ. The Social Security Administration's Programs Operations Manual System (POMS) clarifies that the boxes checked by Dr. Zelenka and Dr. Bee are only part of a worksheet that "does not constitute the [doctors' actual] RFC assessment." Checking the box "Moderately Limited" means only that the claimant's capacity is impaired; it does not indicate the degree and extent of the limitation. After checking the boxes as an "aid," a doctor is then required to detail his actual RFC assessment.
>
> Consistent with these directives, both Dr. Zelenka and Dr. Bee, after checking the various boxes, elaborated on their opinions regarding Jones's ability to concentrate. Dr. Zelenka explained that Jones has "occasional" problems with his attention span, but that he otherwise "retains adequate mental ability to carry out simple instr[uctions] and to relate adequately to others in a routine work setting." Similarly, Dr. Bee stated that Jones "may" have "occasional lapses in concentration and efficiency," but that he otherwise "appears mentally capable of well structured task activity." These opinions tend to support the ALJ's finding.

*Id.* (emphasis in original) (internal citations omitted). Accordingly, the *Jones* court concluded that the ALJ's findings were supported by substantial evidence, and affirmed the Commissioner's decision. *Id.* at 613.

Like the doctors in *Jones*, Drs. Holmes and Wise both checked the box in Section I of their RFC assessment forms indicating that Plaintiff had moderate limitations in completing a normal workday and workweek. R. 697, 751. However, the boxes checked by Dr. Holmes and Dr. Wise were merely an aid in their assessments, and did not constitute their actual RFC assessments. *See Jones*, 478 F. App'x at 612. Dr. Holmes ultimately concluded that Plaintiff

11

had the ability to function in a work setting requiring simple to moderate tasks.  R. 698.  Dr. Wise ultimately concluded that Plaintiff had good functional capacity, could carry out simple tasks, and could maintain concentration and attention for routine, uncomplicated tasks for two-hour periods during an eight-hour workday.  R. 752.  Dr. Wise further opined that Plaintiff could complete a normal workweek without excessive interruptions from psychologically based symptoms.  *Id*.  The ALJ gave significant weight to these opinions and made a finding that Plaintiff had the RFC to perform simple, routine, repetitive tasks.  R. 16, 24.  The Court finds that the ALJ's determination is supported by substantial evidence.  *See Jones*, 478 F. App'x at 612–13; *Land*, 2012 WL 5313342, at *2–3 (ALJ's findings supported by substantial evidence where doctors checked box indicating that claimant had moderate limitations in ability to complete a normal workday or workweek, but ultimately concluded that claimant could perform certain tasks despite these limitations); *Gibbons v. Comm'r of Soc. Sec.*, No. 6:11-cv-1894, 2013 WL 688053, at *7–8 (M.D. Fla. Feb. 26, 2013) (same); *Jones v. Comm'r of Soc. Sec.*, No. 6:11-cv-1793, 2013 WL 669226, at *11–12 (M.D. Fla. Feb. 25, 2013) (same); *Gainor v. Comm'r of Soc. Sec.*, No. 6:12-cv-299, 2013 WL 610411, at *8–9 (M.D. Fla. Jan. 9, 2013), *report and recommendation adopted*, 2013 WL 624857 (M.D. Fla. Feb. 19, 2013) (same).[3]  Therefore, the Court agrees with the Magistrate Judge that Plaintiff's argument on this point is without merit.

---

[3] Plaintiff filed a Notice of Supplemental Authority (Doc. 19), citing a case recently decided in the Middle District, *Conyers v. Commissioner of Social Security*, No. 6:11-cv-701, Doc. 19, 20. In *Conyers*, Judge Dalton adopted the Report and Recommendation of Magistrate Judge Baker, holding that the ALJ's failure to include the claimant's moderate limitation in completing a normal workday and workweek in his hypothetical question was reversible error. *Conyers*, Doc. 19, pp. 12–13.  The Court notes that the Report and Recommendation in *Conyers* was issued before, and is inconsistent with, the Eleventh Circuit's decision in *Jones*, 478 F. App'x 610. Accordingly, the Court declines to follow *Conyers*.

IV. **CONCLUSION**

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted in part and rejected in part.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Doc. 20) is **adopted in part and rejected in part**, as set forth in this Order.

2. The decision of the Commissioner of Social Security is **AFFIRMED**.

3. The clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Gregory J. Kelly

13